IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KYLA WHITING, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-11-03017 |
| PA ACQUISITION, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

# MEMORANDUM ORDER

On October 24, 2011, Plaintiff Kyla Whiting ("Plaintiff" or "Whiting"), proceeding *pro se*, brought this race and disability discrimination action against Defendant PA Acquisition alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the Americans with Disability Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"). Specifically, Whiting alleges failure to promote and discrimination in the scheduling of her work hours on account of her race and disability. Prior to filing this Complaint, Whiting filed a charge with the Equal Employment Opportunity Commission ("EEOC") on June 7, 2010. After rejecting her claims, the EEOC issued her a Notice of Right to sue letter on August 10, 2011.

Pending before this Court is Movant Leonard J. Grossman's Motion to Dismiss and for Sanctions (ECF No. 6). Mr. Grossman contends that he was wrongfully listed as a Defendant in the case and served with a Summons. As a result, Mr. Grossman requests a dismissal of the case against him and an award in the amount of $350 against Whiting for the attorneys' fees incurred in filing this motion. On December 5, 2011, Whiting filed a

1

Response to Motion to Dismiss and for Sanctions (ECF No. 11) agreeing to the dismissal of the case against Mr. Grossman but not to the imposition of sanctions. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Movant Leonard J. Grossman's Motion to Dismiss and for Sanctions (ECF No. 6) is GRANTED in part and DENIED in part. Specifically, the Motion to Dismiss with prejudice is GRANTED and the Motion for Sanctions is DENIED.

ANALYSIS

Mr. Grossman contends that on November 8, 2011 he was wrongfully served with a summons in the instant case. Grossman Mot. to Dismiss ¶ 2, ECF No. 6. Specifically, Mr. Grossman argues that although he was listed as a defendant on the summons, the only named Defendant in the Complaint is PA Acquisition. *Id.* ¶ 1; Grossman Aff. ¶ 2, ECF No. 6-1. Moreover, Mr. Grossman declares that he "has absolutely no knowledge of any of the facts or claims alleged" by Whiting and that he had no involvement in any of the matters giving rise to her claim. Grossman Aff. ¶ 6; Grossman Mot. to Dismiss ¶ 3. Mr. Grossman further alleges that he sought to contact Whiting on three separate occasions to request that she voluntarily dismiss the case against him. Grossman Aff. ¶ 5; Grossman Mot. to Dismiss ¶ 4. Despite these attempts, Mr. Grossman contends that he only spoke to an individual once and that that individual denied being Whiting. Grossman Aff. ¶ 5. As a result, Grossman filed the pending motion in this case, on November 18, 2011, and requested that this Court impose a $350 sanction on Whiting to cover the attorneys' fees expended to defend his position. Grossman Mot. to Dismiss ¶ 5.

On December 5, 2011, Whiting timely filed her response to Grossman's motion agreeing to the dismissal of the case against him and opposing the imposition of sanctions. Resp. to Mot. to Dismiss, ECF No. 11.  The same day, Whiting also filed a request for the reissuance of a Summons to the correct resident agent for PA Acquisition.  Whiting Ltr., ECF No. 9.  In her response, she indicates that she spoke with Mr. Grossman on November 18, 2011 and attempted to explain that he was probably served with a summons because the "[d]ocumentation received from the EEOC ha[d] PA Acquisition and Party City/Paper Factory on it."  *Id.* ¶ 3.  She also explains that after looking into whether his client had a store in Queenstown, Maryland, Mr. Grossman informed her that she needed to "look up PA Acquisition" and that he was going to file a motion to dismiss.  *Id.* at 4.  She then concludes that she located the appropriate resident agent for PA Acquisition and will request the issuance of a corrected Summons.  *Id.* at 5.

> Rule 11(b) of the Federal Rules of Civil Procedure states in part that:
>
>> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, . . . (2) the claims, defenses, and other legal contentions are warranted by existing law, . . . (3) the factual contentions have [or will have] evidentiary support, . . . and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Accordingly, an unrepresented party must "conduct an [objectively] reasonable investigation of the factual and legal basis for [her] claim before filing." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991).  Where an unrepresented party violates Rule 11(b), Rule 11(c) allows the court to impose sanctions which may include awarding "the prevailing party

3

the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. Pro. 11(c)(1)-(2). Consequently, the "imposition of sanctions is discretionary with the Court, not mandatory." *Thomas v. Treasury Mgmt. Assoc.*, 158 F.R.D. 364, 369 (D. Md. 1994) (citing *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994).

Nevertheless, it is well-established in this Court that sanctions should be imposed sparingly. *Thomas*, 158 F.R.D. at 366. Moreover, *pro se* litigants are generally held to a less stringent standard than lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The United States Court of Appeals for the Fourth Circuit has held that where a *pro se* litigant may have a meritorious claim against "a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, . . . and direct or permit amendment of the pleadings to bring that person or persons before the court." *Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978). Also significant is Rule 11(c)(2)'s twenty-one day safe harbor period allowing for the withdrawal of a "challenged paper, claim, defense, contention or denial" within twenty-one days after service. Fed. R. Civ. Pro 11(c)(2).[1]

Although Mr. Grossman contends that he was served with Whiting's Summons on November 8, 2011, date on which the Court issued the Summons, the Executed Summons filed on November 22, 2011 indicates that the date of service was November 14, 2011. Executed Summons, ECF No. 8. As a result, Whiting had until December 5, 2011 to withdraw the challenged summons. The record reflects that Whiting filed her request for the

---

[1] Incidentally, this rule also instructs parties against filing a motion for sanctions until after the expiration of the 21 day time period. Fed. R. Civ. Pro. 11(c)(2). In violation of this Rule, Mr. Grossman filed his motion for sanctions only four days after being served.

issuance of a corrected summons (ECF No. 9) on December 5, 2012 along with her response allowing for the dismissal of the case against Mr. Grossman.  Therefore, the imposition of sanctions in this case is inappropriate.  Accordingly, Movant Leonard J. Grossman's Motion to Dismiss with prejudice is GRANTED and his Motion for Sanctions is DENIED.

## CONCLUSION

For the reasons stated above, it is this 18th day of April 2012, ORDERED that:

1. Movant Leonard J. Grossman's Motion to Dismiss and for Sanctions (ECF No. 6) is GRANTED in part and DENIED in part; specifically the Motion to Dismiss with prejudice is GRANTED and the Motion for Sanctions is DENIED;

2. The Clerk of the Court transmit copies of this Memorandum Order to Counsel.


Dated:      April 18, 2012                        /s/_____
                                                  Richard D. Bennett
                                                  United States District Judge